IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA SCACCIANOCE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| LEARNING RESOURCES, INC., an Illinois corporation, | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

**COMPLAINT AT LAW**

Plaintiff, LISA SCACCIANOCE, by and through her attorneys, Belongia, Shapiro & Franklin, LLP, brings this Complaint at Law against Defendant, LEARNING RESOURCES, INC., an Illinois corporation, and respectfully states as follows:

**JURISDICTION**

1. This is an action brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., as amended, (hereinafter the "ADA"), and the Illinois Human Rights Act, 775 Ill. Comp. Stat. § 5/1-101 *et seq*., (hereinafter the "IHRA"), jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

2. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of which is attached hereto as Exhibit "A"; and timely filing this lawsuit within ninety (90) days after Plaintiff's receipt of the EEOC's Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit "B."

1

**VENUE**

3. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391 because the unlawful conduct alleged herein was committed within the boundaries of the Northern District of Illinois.

**PARTIES**

4. Plaintiff, LISA SCACCIANOCE (hereinafter "Plaintiff" or "Scaccianoce"), is a female adult resident of Lake County, Illinois, and is employed by Defendant.

5. Defendant, LEARNING RESOURCES, INC. (hereinafter "Defendant" or the "Company"), is and was at all relevant times a duly registered corporation doing business within the State of Illinois and an employer within the definition of the ADA and IHRA.

**FACTUAL ALLEGATIONS**

6. Beginning in 1975, Plaintiff has suffered, and continues to suffer, from Crohn's Disease, which is an ongoing chronic inflammatory disease of the gastrointestinal tract that can be fatal.

7. On or around August 16, 2008, Plaintiff commenced full-time employment with Defendant as a Customer Service Representative and her direct supervisor was Kristin Webb.

8. From the beginning of Plaintiff's employment, Defendant was aware that Plaintiff suffers from Crohn's Disease.

9. At all relevant times thereafter, Plaintiff's supervisors in her Customer Service Representative position knew or should have known about Plaintiff's medical condition.

10. Plaintiff consistently performed her job duties in an above average manner as a Customer Service Representative which is evident from a successful February 2009 performance review that Plaintiff received.

11. Shortly after Plaintiff began working for Defendant, Plaintiff requested that Defendant accommodate her disability and allow Plaintiff to work from home when she experienced flare-ups with regards to her Crohn's Disease.

12. Defendant provided Plaintiff with a reasonable accommodation for her disability by allowing her to work from home as Plaintiff had all necessary programs on her remote computer to perform the essential functions of her job. Further, Defendant accommodated Plaintiff's disability by allowing her to come into work early to make-up any hours missed due to her disability.

13. In or around August 2009, Plaintiff was placed on intermittent family and medical leave due to her disability under the Family and Medical Leave Act.

14. On or around December 7, 2009, Plaintiff was hospitalized and underwent emergency surgery for Crohn's Disease and remained off work for several weeks.

15. On or around January 13, 2010, Plaintiff returned to work for Defendant in her previous full-time position as a Customer Service Representative.

16. Upon returning to work, in or around February 2010, Plaintiff was transferred to the School Sales Department to work full-time as a Sales Assistant, Plaintiff's direct supervisor in this position was Darlene Nineberg and Ms. Nineberg's supervisor was Leslie LaChapelle.

17. Beginning in February 2010, when Plaintiff was transferred to the new position of Sales Assistant, Defendant ceased reasonably accommodating Plaintiff's disability and Plaintiff was no longer allowed to work from home or come in early to make-up hours missed as a result of her disability. Defendant had previously provided reasonable accommodations to Plaintiff from the beginning of her employment in August 2008 through February 2010 without issues.

18. Further, beginning in February 2010 when Plaintiff was transfer to the new position of Sales Assistant, Defendant, through its officers, agents, supervisors and employees, began

harassing Plaintiff with regard to her disability and creating a hostile work environment for Plaintiff.

19. In February 2010, Plaintiff was given a very positive performance review by Defendant.

20. In or around February 2010, Plaintiff was told by either Ms. Webb or Ms. LaChapelle that she must schedule all follow-up doctor's appointments related to her December 2009 emergency surgery after work hours and that if any were scheduled during work hours, Plaintiff would not be allowed to make-up the hours and thus would lose the pay. Plaintiff previously was given a reasonable accommodation and allowed to make-up hours missed due to her disability and medical appointments.

21. Beginning in February 2010 through to the present, Ms. Nineberg and Ms. LaChapelle have harassed Plaintiff and threatened Plaintiff that her "job is on the line."

22. In or around March 2010, Plaintiff verbally made a complaint to Defendant's Human Resources Manager, Kay Armstrong, that she was being harassed on a weekly basis and treated differently by her superiors at Defendant based upon her disability.

23. To Plaintiff's knowledge, nothing was affirmatively done by Defendant with regards to Plaintiff's complaint of harassment.

24. In March 2010, Plaintiff was hospitalized for approximately three (3) to five (5) days due to her disability and stress caused by the hostile work environment she was subjected to while working. Defendant was aware that Plaintiff was hospitalized due to her disability.

25. In April 2010, Plaintiff was hospitalized for approximately five (5) days due to her disability and stress caused by the hostile work environment she was subjected to while working. Defendant was aware that Plaintiff was hospitalized due to her disability.

26. On June 3, 2010, Plaintiff was unexpectedly called into an office meeting with Ms. Nineberg and Ms. LaChapelle.

27. During this meeting, either Ms. Nineberg or Ms. LaChapelle told Plaintiff that Defendant had been "more than accommodating" to Plaintiff and Ms. LaChapelle handed Plaintiff a document titled the "Lisa Scaccianoce Attendance Policy."

28. The "Lisa Scaccianoce Attendance Policy" laid out strict terms that only Plaintiff was required to follow as an employee of Defendant.

29. Either Ms. Nineberg or Ms. LaChapelle went through and verbally stated the entire "Lisa Scaccianoce Attendance Policy" to Plaintiff.

30. Upon information and belief, and based upon Plaintiff's knowledge, no other employees at Defendant were required to follow the "Lisa Scaccianoce Attendance Policy."

31. Plaintiff felt that she was given the "Lisa Scaccianoce Attendance Policy" by Defendant to harass Plaintiff regarding her disability and to ultimately force Plaintiff to resign from her position at Defendant.

32. Either Ms. Nineberg or Ms. LaChapelle told Plaintiff during this meeting that she must abide by the "Lisa Scaccianoce Attendance Policy" or she will be written up.

33. At this time, Plaintiff understood Defendant's regular policy to be that once an employee receives three (3) write-ups they are fired.

34. At this time, Plaintiff had never been written up or late for work.

35. Also during the June 3, 2010 meeting, either Ms. Nineberg or Ms. LaChapelle told Plaintiff to no longer e-mail them, Plaintiff's superiors, questions that she had regarding tasks that she was required to complete for work and that if she did e-mail them, it would be considered insubordinate behavior.

36. On or shortly after June 3, 2010, Plaintiff was electronically mailed a copy of the "Lisa Scaccianoce Attendance Policy" from Defendant's Human Resources Manager, Kay Armstrong.

37. Shortly after June 3, 2010, Plaintiff met with Ms. Armstrong to discuss the "Lisa Scaccianoce Attendance Policy" and that Plaintiff felt she was being treated differently than other non-disabled employees.

38. Ms. Armstrong informed Plaintiff that Defendant was being "more than accommodating" to Plaintiff and that she had approved the "Lisa Scaccianoce Attendance Policy."

39. In late June 2010, while Ms. Nineberg and Ms. Webb were verbally harassing Plaintiff, Ms. Webb physically pushed Plaintiff.

40. Plaintiff reported this incident to Ms. Armstrong in person and informed Ms. Armstrong that the harassment was continuing and nothing has been done by Defendant to prevent it.

41. Plaintiff has no knowledge of Ms. Nineberg or Ms. Webb being reprimanded for their actions.

42. The next business day after Plaintiff was pushed by Ms. Webb, Plaintiff was moved, again, to a new position under supervisor Ailene Wolnik. Plaintiff was switched to a Customer Service Representative position.

43. Upon information and belief, Plaintiff's new supervisor, Ms. Wolnik, was instructed by Ms. Armstrong that Plaintiff is not allowed to work from home for Defendant.

44. On August 19, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was then cross-filed with the Illinois Department of Human Rights, for discrimination based on retaliation and disability.

45. Plaintiff at all times performed adequately and otherwise met or exceeded Defendant's legitimate expectations.

46. As a result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress and suffering, irreparable damage to her physical self and life expectancy, and irreparable damage to her reputation.

## COUNT I
### Discrimination in Violation of the Americans with Disabilities Act

1-46. Plaintiff hereby restates and realleges paragraphs 1-46 of the Complaint as if set forth fully herein as paragraphs 1-46 of Count I.

47. Plaintiff is disabled, as the term is defined by the ADA, in that she suffers from Crohn's Disease, a chronic, sometimes fatal, disease of the gastro intestinal system. Further, Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

48. From the beginning of Plaintiff's employment, Defendant was made aware that Plaintiff suffers from Crohn's Disease. Further, Defendant was aware that Plaintiff's disability could cause her pace of work to be slower at times than her fellow co-workers. Additionally, Defendant was aware of the several symptoms of Plaintiff's disability that occurred while she was at work.

49. Throughout Plaintiff's employment with Defendant, she has been a "qualified individual with a disability" in that she is "an individual with a disability who, with or without reasonable accommodation, [is] able to perform the essential functions of the employment position that [she] held." See 42 U.S.C. § 12111(8).

7

50. Title I of the ADA makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability; the Act also makes it unlawful to retaliate against any employee who has opposed an unlawful employment practice.

51. By its conduct as alleged herein, Defendant discriminated and retaliated against Plaintiff on the basis of her disability in violation of the ADA.

52. Title I of the ADA also makes it unlawful for an employer to fail to accommodate an employee's disability.

53. By its conduct as alleged herein, Defendant failed to reasonably accommodate Plaintiff's disability and instead created an adverse work environment what it removed the previously provided reasonable accommodations to Plaintiff, instituted the "Lisa Scaccianoce Attendance Policy", refused to allow Plaintiff to work from home, refused to allow Plaintiff to make-up hours missed due to her disability, refused to reasonably accommodate Plaintiff's requests for assistance in her work due to her disability, failed to act upon Plaintiff's complaints of harassment in the workplace due to her disability, and threatened to terminate Plaintiff's employment if she made any further complaints regarding harassment in the workplace.

54. Defendant's conduct toward Plaintiff illustrates a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

55. As a result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress and suffering, irreparable damage to her physical self and life expectancy, and irreparable damage to her reputation.

WHEREFORE, the Plaintiff, LISA SCACCIANOCE, prays that the Court order such relief as is necessary to make her whole, including the following:

A. Declare that Defendant's conduct was unlawful in violation of the Americans with Disabilities Acts of 1990;

B. Award Plaintiff the value of all compensation lost as a result of Defendant's unlawful conduct;

C. Award Plaintiff any applicable compensatory and punitive damages;

D. Award Plaintiff reasonable attorney's fees, costs and disbursements;

E. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

F. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all p0olicies and practices to provide equal employment opportunities for all and to prevent discrimination; and

G. Award Plaintiff any and all other relief as this Court deems just in the premises.

## COUNT II
**Discrimination in Violation of the Illinois Human Rights Act**

1-46. Plaintiff hereby restates and realleges paragraphs 1-46 of the Complaint as if set forth fully herein as paragraphs 1-46 of Count II.

47. Defendant, through its managers, supervisors, and officials acting on behalf of Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. §§ 5/1-101 *et seq*. These practices include, but are not limited to, Defendant's failure to reasonably accommodate Plaintiff, and altering the terms and conditions of her employment because of her disability, perceived disability, and/or record of being disabled.

48. Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's disability, perceived disability, and/or record of being disabled.

49. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability, perceived disability, and/or record of being disabled.

50. The unlawful employment practices complained of above were intentional and were performed by Defendant with malice and/or reckless indifference to the anti-discrimination laws which protect Plaintiff.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress, irreparable damage to her physical self and life expectancy, irreparable damage to her reputation, and other severe damage.

WHEREFORE, the Plaintiff, LISA SCACCIANOCE prays that the Court order such relief as is necessary to make her whole, including the following:

    A. Declare that Defendant's conduct was unlawful in violation of the Illinois Human Rights Act;

    B. Award Plaintiff the value of all compensation lost and benefits lost as a result of Defendant's unlawful conduct;

    C. Award Plaintiff any applicable compensatory and punitive damages;

    D. Award Plaintiff reasonable attorney's fees, costs and disbursements;

    E. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them from engaging in any unlawful employment practice;

    F. Enjoin Defendant and all officers, agents, employees and all persons in active concert or participation with them to institute and carry out all policies and practices to provide equal employment opportunities for all and to prevent discrimination; and

  G. Award Plaintiff any and all other relief as this Court deems just in the premises.

## COUNT III
### Retaliation in Violation of the Americans with Disabilities Act

1-46. Plaintiff hereby restates and realleges paragraphs 1-46 of the Complaint as if set forth fully herein as paragraphs 1-46 of Count III.

47. At all times relevant hereto, Plaintiff performed her duties with Defendant to Defendant's legitimate satisfaction.

48. By complaining to Defendant about discrimination and harassment, and by filing a Charge of Discrimination with the EEOC, Plaintiff engaged in an activity protected under the Americans with Disabilities Act.

49. In retaliation for Plaintiff's complaints to Defendant and filing her Charge of Discrimination with the EEOC, Defendant subjected Plaintiff to adverse and retaliatory employment action as alleged in the Common Allegations hereinabove.

50. Defendant's actions and failure to act with respect to Plaintiff constituted a malicious and reckless indifference to Plaintiff's federally protected rights.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress, irreparable damage to her physical self and life expectancy, irreparable damage to her reputation, and other severe damage.

 WHEREFORE, Plaintiff, LISA SCACCIANOCE, prays for the following relief:

  A. Enter an order finding that Defendant discriminated and retaliated against Plaintiff on the basis of his disability in violation of Americans with Disabilities Act;

  B. Award Plaintiff any applicable compensatory and punitive damages;

  C. Award Plaintiff reasonable attorneys' fees and costs incurred in this action;

  D. Order Defendant to cease and desist from discriminating and retaliating against its employees on the basis of disability in violation of the Americans with Disabilities Act; and

  E. Grant Plaintiff such further relief as the Court deems necessary and proper.

## COUNT IV
### Retaliation in Violation of the Illinois Human Rights Act

1-46. Plaintiff hereby restates and realleges paragraphs 1-46 of the Complaint as if set forth fully herein as paragraphs 1-46 of Count IV.

47. At all times relevant hereto, Plaintiff performed her duties with Defendant to Defendant's legitimate satisfaction.

48. By complaining to Defendant about discrimination and harassment, and by filing a Charge of Discrimination with the EEOC, which was cross-filed with the IDHR, Plaintiff engaged in an activity protected under the Illinois Human Rights Act.

49. In retaliation for Plaintiff's complaints to Defendant and filing her Charge of Discrimination with the EEOC, which was cross-filed with the IDHR, Defendant subjected Plaintiff to adverse and retaliatory employment action as alleged in the Common Allegations hereinabove.

50. Defendant's actions and failure to act with respect to Plaintiff constituted a malicious and reckless indifference to Plaintiff's state protected rights.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages, has suffered embarrassment and humiliation, unnecessary mental and emotional distress, irreparable damage to her physical self and life expectancy, irreparable damage to her reputation, and other severe damage.

WHEREFORE, Plaintiff, LISA SCACCIANOCE, prays for the following relief:

A. Enter an order finding that Defendant discriminated and retaliated against Plaintiff on the basis of his disability in violation of the Illinois Human Rights Act;

B. Award Plaintiff any applicable compensatory and punitive damages;

C. Award Plaintiff reasonable attorneys' fees and costs incurred in this action;

D. Order Defendant to cease and desist from discriminating and retaliating against its employees on the basis of disability in violation of the Illinois Human Rights Act; and

E. Grant Plaintiff such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff, LISA SCACCIANOCE, requests a jury trial on issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

LISA SCACCIANOCE


/s/ Kelly A. Saindon
One of Plaintiff's Attorneys

Kelly A. Saindon, Esq. # 6244793
ksaindon@belongialaw.com
Mark D. Belongia, Esq. #6269391
mbelongia@belongialaw.com
Ashley L. Varterasian, Esq. #6301088
avarterasian@belongialaw.com
Belongia, Shapiro & Franklin, LLP
20 South Clark Street, Suite 300
Chicago, Illinois 60603
Tel: 312-662-1030
Fax: 312-662-1040